AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 4 2026

CLERK, U.S. DISTRICT COURT
By ____________
Deputy

United States of America
v.

Salvador Torres

*Defendant(s)*

Case No. 2:26-MJ-245

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 2, 2026 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

R. Mincher
*Complainant's signature*

Randy Mincher, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 11/4/26

Lee Ann Reno
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

**Affidavit in Support of Complaint**

**Cause Number 2:26-MJ-245**

I, Randy Mincher, being duly sworn under oath, do hereby depose and state:

1. I am a Task Force Officer with the FBI, and I have been so employed since January of 2025. I have been employed as a Police Officer with the City of Amarillo since 2005. As part of my duties as a Task Force Officer, I investigate criminal violations related to narcotics trafficking and illegal drug smuggling, firearms violations and violent crimes in violation of Title 18, United States Code. I have been involved in hundreds of investigations involving the illegal possession and use of firearms by prohibited persons such as convicted felons and drug traffickers. I also have specialized training and knowledge in investigating the illicit proceeds of narcotic smuggling and trafficking in violation of Title 18, United States Code, Section 1956 (a)(1).

2. On October 1, 2026, Leonard Torres was arrested in Amarillo, Texas, for an on-view traffic violation and a warrant for aggravated assault. At the time Leonard was also the suspect of a murder that had been reported to have happened the days prior to his arrest. A cooperating witness told law enforcement officers that Leonard had shot and killed the victim Faith Smith in Amarillo, Texas, as the three of them drove in a vehicle. The witness was able to provide information about the location where the victim was buried in a yard in Amarillo, Texas.

3. At the time of Leonard's arrest multiple cellphones were located in the vehicle he was driving, the same vehicle where the victim was shot and killed. One of the

cellphones was found to belong to the witness. The witness provided consent for officers to search and download their cellphone. During the murder investigation a timeline of events and an estimated time of the murder was able to be gathered by investigators. This information was obtained in part from interviews, phone data, messages and surveillance videos. Based on the timeline investigators found shortly after the murder occurred, Leonard's brother Salvador Torres shared a short phone call with the witness's cellphone. Approximately three (3) minutes after the short phone call Salvador sent the message, "And tell him I want my strap idc if he did wat he said he did". TFO Randy Mincher from training and experience knows the word "strap" is common slang term used to reference a firearm. TFO Mincher believes the message indicates that the firearm Leonard utilized to shoot the victim belonged to, Salvador. Both Leonard and Salvador are convicted felons who are prohibited by law from possessing firearms. Salvador's felony convictions include aggravated sexual assault of a child and failure to comply with sex offender registration.

4. On the same night that Leonard was arrested, members of the Amarillo Police Department obtained consent to search the residence of Leonard's mother located at 806 N. Roosevelt Street, Amarillo, Potter County, Texas. The residence included Salvador's bedroom. During the search of the residence a handgun magazine was located in a hallway closet. Officers also located 9mm ammunition in Salvador's bedroom. The ammunition was loose and inside of a factory box. With the ammunition was a single fired 9mm casing.

5. On October 2, 2026, TFO Mincher and TFO Shea Lichtie went to Salvador's residence to interview him, but he wasn't at home. While at the residence investigators obtained a digital video recorder (DVR) from the residence with consent to download it. Prior to leaving the residence TFO Mincher left his contact information at the residence. Shortly after leaving the residence TFO Mincher received a phone call from Salvador who stated that he had found what he believed investigators were looking for. Investigators returned to Salvador's residence, and he provided consent to search his room. Salvador explained while he was cleaning and moved a dresser in his room he located something wrapped in a red bandana underneath it. Under the dresser was a black Taurus, G2S, 9mm handgun with serial number ACL484827. The firearm was collected as evidence. Initial testing of the firearm conducted by members of the APD Crime Scene Unit indicated a residue of blood covering the handgun. The testing shows the result that isn't visible by the human eye alone. During test firing it was found the fired 9mm casing that was found with the live ammunition in Salvador's bedroom was fired by the Taurus handgun recovered from his bedroom the next day. A red bandana was observed by officers lying on Salvador's bedroom floor the night before (October 1, 2026) and it was, at the time, not wrapped around the firearm.

6. During an interview with Salvador, he denied possession of the handgun. Salvador admitted to sending the text message about the "strap" but stated it was referencing a bb gun he allowed Leonard to borrow. Salvador claimed the ammunition that was located in his bedroom had been in his room since about May when he got home after being released from prison. TFO Mincher researched the ammunition that was

collected from Salvador's room and found the box contained a lot number or code printed on the box by the manufacturer. TFO Mincher contacted the ammunition manufacturer who was able to decode the lot number and show the ammunition wasn't produced until July 20, 2026, approximately two months after Salvador claimed it was already in his room.

7. On October 9, 2026, TFO Mincher obtained a search warrant for the backup cloud-based data linked to Salvador's cellphone. The information requested by the warrant was returned on October 23, 2026. The requested information included text style messages. TFO Mincher found messages Salvador shared with an individual in July of 2026, with Salvador requesting to buy a cheap firearm. Within a few days of Salvador sending a message requesting to buy a cheap firearm he sent messages to another individual requesting they buy Salvador 9mm ammunition.

8. Based upon the foregoing, there is probable cause to believe that Salvador TORRES did knowingly and intentionally possess a firearm and/or ammunition in violation of Title 18, United States Code, Sections 922(g)(1).

R. Mincher

Randy Mincher
Task Force Officer
Federal Bureau of Investigation

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 4th day of November, 2026.

Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Anna Marie Bell
Anna Marie Bell
Assistant United States Attorney